**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

James Tyrone Bellamy,                              )
                                                   )
                              Petitioner,          )        Civil Action No.: 4:05-01522-CWH
                                                   )
              vs.                                  )
                                                   )
United States of America,                          )                **ORDER**
                                                   )
                              Respondent.          )
_____ )

On May 26, 2005, the petitioner commenced this pro se action attacking his guilty plea

and sentence.  On April 28, 2005, the government filed its response.  On May 2, 2005, the Court

issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and

informing the petitioner that he must adequately respond within 34 days of the date of the order.

On May 19, 2005, the petitioner responded to the government's motion.  This matter is now

before the Court for disposition.

On January 16, 2002, the petitioner was sentenced to a term of 210 months in prison

followed by 5 years supervised release.  On February 20, 2002, the Court entered judgment,

thereby making the petitioner's conviction final.  *See* United States v. Sanders, 247 F.3d 139,

142 (4th Cir. 2001).  On July 15, 2003, the petitioner filed a notice of appeal.  The Fourth Circuit

Court of Appeals reviewed the entire record and found no meritorious grounds for appeal.    On

March 15, 2004, the Fourth Circuit Court of Appeals dismissed the appeal for untimeliness.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act

(AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction became final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Absent appeal from the conviction, judgment becomes final when it is entered. *See* United States v. Sanders, 247 F.3d at 142. The Clerk entered the petitioner's judgment of conviction on February 20, 2002. The petitioner did not timely pursue direct appellate review.[1] Therefore, the petitioner could have applied for relief under 28 U.S.C. § 2255 until February 20, 2003. He failed to do so. Consequently, his petition is time-barred.

The petitioner attempts to avoid the time limitations set forth above by claiming that trial counsel failed to file an appeal as the petitioner instructed. "'In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days' of the entry of judgment." United States v. Little, 392 F.3d at 680 (*citing* Fed. R. App. P. 4(b)(4)). A district court may

---

[1] The petitioner filed an untimely appeal on July 15, 2003. The Fourth Circuit Court of Appeals dismissed this untimely appeal on March 15, 2004. This untimely appeal had no effect on when judgment became final. On February 20, 2002, the Court entered judgment, and the petitioner's conviction became final. *See* United States v. Sanders, 247 F.3d 139 at 142.

extend the period to thirty days from the expiration of the ten day period upon a finding of

excusable neglect or good cause.  Rule 4(b)(4) includes no other exceptions, and its provisions

are mandatory and jurisdictional.  Brownder v. Dep't of Corr., 434 U.S. 257, 264 (1978).

Equitable tolling is inappropriate in this case.  Equitable tolling is a discretionary

doctrine that applies to two situations: 1)  when the defendant's wrongful conduct prevents the

plaintiff from asserting his claim and 2) when circumstances beyond the plaintiff's control

prevent him from filing his claim on time.  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.

2000).  The petitioner does not allege that the United States contributed in any way to his delay

in filing his §2255 claim, and the petitioner has not proved that some other extraordinary

circumstance prevented him from filing this claim.  Trial counsel's mistake is not a valid basis

for equitable tolling.  *See* Harris v. Hutchinson, 209 F.3d at 331 (*citing* Barrow v. New Orleans

S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)).

The Court therefore dismisses the petition as untimely.  All outstanding motions are

hereby rendered moot.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 26, 2006
Charleston, South Carolina

Page 3 of  3